ROBERT A.SAR, Bar No. 22306
OGLETREE DEAKINS NASH SMOAK &
STEWART P.C..
4208 Six Forks Road
Suite 1100
Raleigh, NC 27609
Telephone:    919.787.9700
Fax No.:      919.723.9412

Attorneys for Defendant
ONE MAIN FINANCIAL GROUP, LLC,

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:17 cv 848

MISTIE GREENE,

      Plaintiff,

v.

ONEMAIN FINANCIAL HOLDINGS,
LLC/

      Defendants

**DECLARATION OF LAURA R.
ALEXANDER IN SUPPORT OF MOTION
TO COMPEL ARBITRATION**

Complaint filed:  September 22, 2017

I, Laura R. Alexander, do hereby declare and state as follows:

1.    I am a current employee of OneMain General Services Corporation (formerly known as Springleaf General Services Corporation) ("OMGSC") and have worked for OMGSC or its predecessor since *Nov. 6, 1989*.  I make the following declaration on the basis of my own personal knowledge and could testify to the same if called as a witness in this matter.

2.    My current position is Associate Director - Compliance.  In my role as of December 2015, it was my responsibility to ensure that all employees of OneMain Holdings, Inc. (formerly known as Springleaf Holdings, Inc.) or its subsidiaries (which includes OMGSC employees, and as of November 15, 2015, employees of OneMain Financial Group, LLC. ("OMFG")), complete company required compliance training and policy certifications.

3.    In December of 2015, as part of the onboarding of the OMFG employees, certain policies and documents were communicated to the OMFG employees electronically and the company

gathered electronic acknowledgment that the employees received and read the policies. OMFG employees were provided with a unique user name and required to enter a private password known only to them in order to access documents. If an employee forgets his or her password, the employee is required to reset the password.

4. In my position I have access to the compliance electronic databases, including access to electronic acknowledgments of policies.

5. In December of 2015 all OneMain employees, including Mistie Greene, were required to electronically review and acknowledge various company policies. To do so they were required to log into the Company intranet to take Human Resource Policy training, and there was a completion date requirement of December 30, 2015. A true and correct copy of the screenshots of the training program is attached hereto as Exhibit 1.

6. In summary the steps of that training are as follows:

(a) Employee accessed the SkillSoft program and database by logging in with their employee identification number and then inputting their unique password chosen by them and known only to them.

(b) Once the employee logged on, the employee was first asked to review and consent to the use of electronic signatures by accessing and electronically signing that consent form. A true and correct copy of the form that they were presented with and electronically signed is attached hereto as Exhibit 2.

(c) Once that form was electronically signed the employee was presented with a screen shot that the next step was for them to review the Code of Conduct, the Employee Dispute Resolution Program and other Human Resources policies. The employee could not leave that section of the on-line training program unless they clicked on and opened each of the PDFs presented in that section. One of the PDFs presented was a PDF of the Employee Dispute Resolution Program. A true and correct copy of that PDF that employees were required to open is attached hereto as Exhibit 3.

(d) After the employee opened each policy presented in that section of the training the employee was presented with a certificate to electronically sign. The certificate stated,

2.

among other things, that by electronically signing the form, the employee was agreeing to comply with all aspects of the Employee Dispute Resolution Program (as noted in Exhibit 1).

(e) After the employee electronically signed off their agreement, the employee was presented with a certificate that they could print out for their records noting when they completed the OneMain Human Resources Policy Certification.

7.    Attached hereto as Exhibit 4 is a true and correct copy of the OneMain Human Resources Policy Certification form that Plaintiff Mistie Greene could print out when she completed the training.  It states that she completed the training on December 17, 2015.

8.    Attached hereto as Exhibit 5 is a true and correct copy of a screen shot of the SkillSoft database that shows that Ms. Greene completed the training and certified it on December 17, 2015.  The system was programmed to only generate user completion of the OneMain Human Resources Policy Certification after the employee actually completed the training program and electronically signed off on all of the required documents as set forth above.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this _15th_ day of November, 2017 in Evansville, Indiana.

_Laura R. Alexander_
DECLARANT

3.

# EXHIBIT 1

OneMain Resources Polices Certification – Due Dec. 30

| | |
|---|---|
| Intro | Welcome to the OneMain Human Resource Policies Certification<br><br>The Company believes in maintaining a positive and ethical workplace for all employees. A key component for providing a professional workplace and expecting professional behavior at all times, is to provide employees with Springleaf's policies and procedures which establishes a code of behavior around employee activities.<br><br> |
| Esignature_1 | Before reviewing and certifying to the OneMain Handbook, first it is necessary to review and certify to the E-Signature Consent form. Agreement allows the Company to capture your acknowledgment and acceptance electronically with regard to company policies and other employment-related documents without the use of paper forms.<br><br>When you are ready, click on the image to access the consent form.<br><br> |
| Esignature_2 | Now that you have read the consent form, the next step is to confirm.<br><br>**Important:** You are not required to complete the E-Signature Consent. If you choose not to complete the e-signature certification, please contact Human Resources. |

| | Without your agreement to the certification, going forward, these types of communications will be sent to you paper-based and it will be your responsibility to send a response to the requesting department either via e-mail or fax.

If you choose not to complete the consent, exist the program now and contact your Human Resources Manager so steps may be taken to ensure communications are provided to you through paper documentation.  As set forth in the consent form, you also may withdraw your consent at any time by sending a written cancellation request to Springleaf at Human Resources, 601 NW Second Street, Evansville, IN 47708 or hremployment@springleaf.com.

Click forward if you are prepared to complete the e-signature consent form.

 |
|---|---|
| Esignature_3 | Read the certification language on your screen and follow the stated directions.

 |
| HandbookCert | Thank you for completing the E-Signature consent. |

| | |
|---|---|
| *Program note: As end user clicks each link a star appears to show that section has been accessed.* | The next step in the program is to review the Company's Code of Conduct, Employee Dispute Resolution Program, and each section of the Handbook by clicking on the provided links and reading the information in its entirety.<br><br>It is important to read all of the information prior to completing the acknowledgment form. Once you have reviewed all of the information, click forward to continue the certification.<br><br> |
| Confirm_Page | Read the certification language on your screen and follow the stated directions.<br><br>Any questions regarding the acknowledgment language or any of the documentation reviewed should be addressed with Human Resources through HR Connect (800-804-8502) prior to clicking "I Agree."<br><br>This is considered your electronic signature and confirms that you have read, and agree to abide by the provided documentation. |



| Complete | Thank you for completing the OneMain Handbook Certification. Click exit to leave the program. |
|---|---|

# EXHIBIT 2

## CONSENT TO RECEIVE, REVIEW, ACCESS, SIGN, & AUTHENTICATE CERTAIN DOCUMENTS, FORMS, LETTERS, & OTHER INFORMATION ELECTRONICALLY ("E-Signature Consent")

### PLEASE READ THE FOLLOWING CAREFULLY

By checking the box and clicking the "I Agree" button in this program, you are agreeing to electronically access, receive, review, sign, and authenticate certain documents, forms, and/or letters ("Materials") covered by the federal Electronic Signatures in Global and National Commerce Act ("E-SIGN"), various state electronic transactions acts ("ETAs"), and/or the separate state laws of Illinois, New York, and Washington, including but not limited to the following Materials:

(a) Acknowledgement and acceptance of Company policies;
(b) Acknowledgement and acceptance of the Company's Employee Dispute Resolution Program;
(c) Certifications of training courses and materials;
(d) Acknowledgement and acceptance of Confidentiality and Intellectual Property Policy;
(e) Acknowledgement and acceptance of Non-Solicit Policy/Agreement;
(f) Acknowledgement and acceptance of the Company's Wage and Hour Policies;
(g) Any background check communication, disclosure, or authorization; and/or
(h) Any other employment-related documents (e.g., wage statements, commission plans, acknowledgment of Company policies and job requirements, etc.).

This E-Signature Consent applies to all Materials, both current and future, related to your employment with OneMain Holdings, Inc. (f/k/a Springleaf Holdings, Inc.) or any of its subsidiaries or affiliated entities (collectively the "Company").

By checking the box and clicking the "I Agree" button, you are agreeing that your electronic signature is the equivalent of your handwritten (or wet) signature, with all the same legal and binding effect. In certain cases throughout your employment, you may be asked to click buttons labeled "I Agree," "I Acknowledge," or using similar words, or otherwise electronically to acknowledge, accept, review, etc. Materials. This E-Signature Consent applies to those instances as well. You also understand that, in its sole discretion, the Company may mail, hand-deliver, communicate, or otherwise send you hard-copy Materials.

You may obtain a paper copy of any electronic Materials, including ones already or to be accessed, received, reviewed, and/or signed electronically, by sending a written request to Springleaf at Human Resources, 601 NW Second Street, Evansville, IN 47708. You will be charged a reasonable fee to cover the costs of providing a paper copy.

You may withdraw your consent to receive, review, access, sign, and authenticate any additional electronic Materials at any time by canceling this E-Signature Consent. You may cancel this E-Signature Consent and withdraw your consent now by not completing this E-Signature Consent form and exiting the system. You may cancel this E-Signature Consent and withdraw your consent in the future by sending a written cancellation request to Springleaf at Human Resources, 601 NW Second Street, Evansville, IN 47708 or hremployment@springleaf.com. Any withdrawal of your consent will be effective after a reasonable period of time in order for the Company to process your withdrawal. Withdrawal of your consent will have no legal effect on the validity, effectiveness, or enforceability of (a) any authorization, consent, or e-signature provided by you prior to the effective date of your withdrawal or (b) any document, form, letter, etc. that was provided or made available to you in electronic format prior to the effective date of your withdrawal. Withdrawal of your consent (i.e., canceling this E-Signature Consent) also will not relieve you from the obligation to complete all required Materials. Withdrawal/canceling will require you to receive, review, access, sign, and authenticate these Materials in hard copy instead of electronically. Receiving, reviewing, accessing, signing, and authenticating certain Materials in either electronic or hard copy is a condition of initial and/or continued employment.

You must update the Company regarding the information necessary to contact you electronically (including your personal email address) by calling the Company at 800.804.8502, emailing hremployment@springleaf.com, or going back online, logging in (using your individual username and password), and updating the personal email address If you are employed, the Company may electronically send Materials to your Company email address or your personal email address, in its discretion.

To access these electronic Materials, you must have (a) a personal computer or mobile device and an operating system capable of receiving, accessing, displaying, and either printing or storing information, (b) an Internet connection, and (c) Internet Browser Software such as Internet Explorer®, Google Chrome®, Safari®, or Firefox®. Your Internet Browser Software must support 128-bit encryption and Secure Sockets Layer (SSL) protocol. If you are able to see this E-Signature Consent, your hardware and software should allow you to access these electronic Materials.

To retain any of these electronic Materials, you may either print or download them. To print these Materials on your computer, you will need a printer connected to your computer with adequate paper. To download these Materials on your computer, you will need an available storage medium, like a hard drive on your computer or a removable thumb drive. To print these Materials on your mobile device, you will need a printer linked with your device (e.g., via Wi-Fi, Bluetooth®, etc.) and/or an application (app) that allows for printing. To store these Materials on your mobile device you will need (1) sufficient storage space on your mobile device and (2) an app or function that allows for the capture of electronic data (e.g., a screenshot). Please follow the instructions for your particular computer operating system and/or software to print and/or to download these Materials. Each individual screen may need to be printed

and/or downloaded separately. If you have trouble printing and/or downloading, please contact the manufacturer of your personal computer or mobile device, computer operating system, web browser, app, or other relevant software or another information source of your choosing.

# EXHIBIT 3

# SPRINGLEAF FINANCE
# EMPLOYMENT DISPUTE RESOLUTION PROGRAM

## PROGRAM DESCRIPTION &
## MEDIATION AND ARBITRATION RULES

(Effective June 1, 1999 as Amended and Restated Effective October 1, 2012)

**Employment or continued employment after the Effective Date of this Program constitutes consent by both the Employee and the Company to be bound by this Program both during employment and after the termination of employment. Submission of an application for employment, regardless of form, constitutes consent by both the applicant and the Company to be bound by this Program. The Employee and the Company further agree to be bound by the mutual promises contained in the Program.**

### PROGRAM DESCRIPTION

1. **Purpose and Construction**

   This Program is designed to provide for the efficient, fair, accessible, and inexpensive resolution of legal disputes between the Company and its present and former employees, as well as applicants for employment. The Program is intended to create an exclusive procedural mechanism for the final resolution of all disputes falling within its terms. It is not intended either to abridge or enlarge substantive or remedial rights available under existing law. The Program is a contract, but it does not modify the "at will" employment relationship between the Company and its employees. The Program should be interpreted in accordance with these purposes.

2. **Definitions**

   A. "AAA" means the American Arbitration Association.

   B. The "Act" means the Federal Arbitration Act, 9 U.S.C., sec. 1 *et seq.*

   C. "Company" collectively means Springleaf Finance, Inc. ("Springleaf Finance"), an Indiana corporation, all of its subsidiaries (including indirect subsidiaries), all of their officers, directors and agents; except that CommoLoCo, Inc., Wilmington Finance, Inc., Ocean Finance and Mortgages Limited and its subsidiaries, and any other company acquired by Springleaf Finance, any of its affiliates or their predecessors after January 1, 2003 ("Excluded Entities") are not included in the definition of "Company," and are not covered by this Program.

   D. "Description" means this Program Description of the Springleaf Finance Employment Dispute Resolution Program, as amended from time to time.

   E. "Dispute" means any legal or equitable claim, demand or controversy, in tort, in contract, under statute, or alleging violation of any legal obligation, (i) between the Company and an Employee or any other person bound to resolve disputes under this Program; (ii) between Employees if in any way related to their employment with the Company; and (iii) asserted against a Third Party Beneficiary which relates to, arises from, concerns or involves in any way:

1. the Program, the Description, or the Rules;

2. the employment, reemployment, or application for employment of an Employee, including the terms, conditions, or termination of such employment and events that may occur after any such termination of employment;

3. Non-ERISA covered employee benefits or incidents of employment with the Company;

4. any other matter related to the relationship between an Employee and the Company including, by way of example and without limitation, all claims or disputes arising out of the interpretation or enforcement of any duties, rights, or obligations of the Parties set forth in any employment agreement, all claims amounting to a common law tort, and all claims under any federal, state, or local human rights or employment rights statutes and regulations or wage and hour statutes and regulations, including, but not limited to Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family and Medical Leave Act, Title 42 U.S.C. Section 1981, the Civil Rights Act of 1991, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Genetic Information Non-Discrimination Act, the Uniform Trade Secrets Act, and any similar state or local statute or regulation, or any state or local retaliatory discharge statute or regulation, whether the basis for the dispute arises at the time of application for employment, during employment or as a consequence of the termination of employment or as a consequence of the Company's attempt to enforce an employment agreement provision after termination of employment;

5. any prior resolution or settlement of a Dispute between Parties subject to the Program; and

6. any personal injury or death allegedly incurred in or about a Company workplace or on Company time (other than those that are compensable under applicable workers' compensation laws).

F. "Effective Date" means June 1, 1999.

G. "Employee" means any applicant for employment, employee or former employee of the Company residing in the United States.

H. "Party" means a person or entity who has asserted a Dispute covered by the Program, or from whom a remedy is sought with respect to Dispute that is covered by the Program.

I. "Program" means the Springleaf Finance Employment Dispute Resolution Program and encompasses the Description and Rules.

J. "Rules" means the Springleaf Finance Mediation and Arbitration Rules.

K. "Third Party Beneficiary" means (i) any entity or person alleged to have joint and several liability with the Company concerning any Dispute; (ii) the Company's past, present, and future parents, subsidiaries, affiliates, owners, officers, directors, employees, agents, contractors, legal counsel, and successors and assigns against whom a Dispute is asserted, if such Dispute relates in any way to the Company; and (iii) the Company's clients, customers, contractors, and vendors and the owners, officers, directors, and employees of same against whom a Dispute is asserted, if such Dispute relates in any way to the Company.

3. **Application and Coverage**

A. This Program applies to and binds the Company, each Employee who is in the employment of the Company or who makes application for employment with the Company on or any time after the Effective Date of this Program, and the heirs, beneficiaries and assigns of any such persons.

B. Except as provided for herein, the Program applies to any Dispute.

C. Notwithstanding anything to the contrary in the Description or Rules, the Program does not apply to (i) any claim that relates to a Company "employee benefit plan" (within the meaning of section 3(3) of ERISA), except to the extent such claim is based on an alleged violation of section 510 of ERISA; (ii) claims for benefits under workers' compensation laws; (iii) unemployment compensation or state disability insurance claims; (iv) claims under any loan or policy of insurance issued by the Company or other claims arising as a result of Company business relationships; (v) claims under applicable state or federal law that are not subject to predispute arbitration agreements, including without limitation, certain claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act; or (vi) a private attorney general action (as distinguished from a class or collective action) may not be brought in arbitration but may be brought in a court of competent jurisdiction; however, an Employee may seek in arbitration individual remedies on his own behalf under any applicable private attorney general representative action statute, and the arbitrator shall decide whether an Employee is an aggrieved person under any private attorney general statute. The determination as to whether a particular claim falls into one of the excluded categories in the preceding sentence is to be decided by a court of competent jurisdiction and not by the arbitrator.

D. Regardless of any other terms of this Agreement, claims may be brought before and by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate governed by the Federal Arbitration Act. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board. Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

E. Notwithstanding any other provision of the Description or Rules, a Party may apply to a court with jurisdiction over the Parties for temporary, preliminary, or emergency injunctive relief that, under the legal and equitable standards applicable to the granting of such relief, is necessary to preserve the rights of that Party pending the arbitrator's modification of any such injunction or determination of the merits of the Dispute.

F. Mediation and arbitration are only available for Disputes involving legally protected rights.

4. **Resolution of Disputes**

A. All Disputes covered by the Program not otherwise settled by the Parties shall be finally and conclusively resolved through arbitration before the AAA in accordance with the Program, which provides the exclusive, final and binding method by which Disputes are resolved. In the event the AAA is unwilling or unable to arbitrate the Dispute, a court of competent jurisdiction shall appoint a successor arbitrator pursuant to section 5 of the Act.

B. Each Dispute shall be arbitrated on an individual basis.

Case 1:17-cv-00848-LCB-LPA     Document 6-2     Filed 11/16/17     Page 16 of 30

C.    Except as stated in Paragraph 3(C)(vi), above, respecting private attorney general actions, neither the Company nor any Employee may pursue in arbitration any Dispute on a class, collective, or mass action basis, or in a representative capacity on behalf of other persons or entities who claim to be similarly situated, or participate as a class member in an arbitration under the Program ("Class Action Waiver"). The arbitrator in any arbitration under the Program has no authority to hear or conduct an arbitration of any Dispute as a class, collective or mass action.

D.    Regardless of anything else in the Description or Rules and/or any rules or procedures that might otherwise be applicable by virtue of the Program or by virtue of any arbitration organization rules or procedures (including rules or procedures of the American Arbitration Association) that now apply or any amendments and/or modifications to those rules, the interpretation, applicability, enforceability or formation of this Class Action Waiver, including, but not limited to, any claim that all or part of this Class Action Waiver is void or voidable, may be determined only by a court of competent jurisdiction and not by an arbitrator.

E.    The Company and Employee agree that the Employee does not otherwise waive any Section 7 rights he or she may have under the National Labor Relations Act and agree that an Employee will not be disciplined or threatened with discipline if, notwithstanding this Class Action Waiver, the Employee exercises any rights he or she may have under Section 7 of the National Labor Relations Act to file a class or collective action in court. The Company, however, retains the right to seek dismissal of any such legal action based on this lawful Class Action Waiver contained in the Program.

## 5.    Amendment

The Program, the Description, and the Rules may be amended by the Company by giving 30 days notice to current Employees. No amendment shall apply to a Dispute that has accrued or for which a Party has filed a charge or claim with a regulating agency, court or the AAA, prior to the effective date of the amendment.

## 6.    Termination

The Program may be terminated by the Company by giving 30 days notice of termination to current Employees. Termination shall not be effective as to Disputes that has accrued or for which a Party has filed a charge or claim with a regulating agency, court or the AAA, prior to the effective date of the termination.

## 7.    Applicable Law

A.    The Act shall apply to and govern the Program, this Description, and the Rules, and any arbitration conducted under the Program, including any actions to compel, enforce, vacate or confirm proceedings, awards, orders of an arbitrator, or settlements under the Program or the Rules. The parties agree that commerce is involved as required under the Act.

B.    The substantive legal rights, remedies and defenses of all Parties are preserved. In the case of arbitration, the arbitrator shall have the authority to determine and implement the applicable law and to order any and all relief, legal or equitable, including punitive damages, attorneys' fees, and costs, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the Dispute that were submitted to and decided by the arbitrator.

C.  Other than as expressly provided herein, or in the Rules, the Program shall not be construed to grant additional substantive legal or contractual rights, remedies or defenses which would not be applied by a court of competent jurisdiction in the absence of the Program. Except as provided herein, all applicable statutes of limitation that otherwise apply to a Dispute will apply.

## 8.  Time for Filing; Limitations

A.  In the event that the Employee does not file a discrimination charge or other claim with an appropriate administrative agency prior to initiating mediation or arbitration (if applicable), the mediation or arbitration must be initiated, in conformance with Rule 2 (see Rules below), within the applicable deadline for filing an administrative charge or claim in the state where the employee is located. Failure to do so will bar the claim.

B.  If a Party initiates judicial proceedings rather than proceedings under the Rules within the time allowed by applicable law for the filing of a judicial complaint and thereafter agrees or is ordered by the court to submit the Dispute to arbitration, the Party must initiate arbitration, in conformance with Rule 2, within 60 days of entry of the court's order or the disposition of any immediate appeal of such order, or the time allowed by applicable law for the filing of a judicial complaint, whichever is longer. Failure to do so will bar the claim.

C.  If a Party files a request for mediation within the time allowed by applicable law for the filing of a judicial complaint, the Party must initiate arbitration, in conformance with Rule 2, within 60 days of the conclusion of the mediation or the time allowed under the applicable statute of limitations, whichever is longer. Failure to do so will bar the claim.

## 9.  Severability

A.  The terms of this Program and the Rules are severable. The invalidity or unenforceability of any provision therein shall not affect the application of any other provision. Where possible, consistent with the purposes of the Program, any otherwise invalid provision of the Program or the Rules may be reformed and, as reformed, enforced.

B.  Notwithstanding the foregoing, the Class Action Waiver (paragraph 4(C) of the Description) shall not be severable from the Program in any case in which claims to be arbitrated are asserted or brought on a class, collective or mass basis. If the Class Action Waiver is declared invalid or unenforceable by a court of competent jurisdiction with respect to a proceeding in which a Party seeks to pursue a Dispute on a class, collective, or mass action basis, then the Program shall not apply with respect to that class, collective, or mass action, which shall proceed instead before a court of competent jurisdiction. If the court ultimately denies the Party's request to proceed on a class, collective, or mass basis, then the Party's individual claim(s) shall be subject to the Program and referable to arbitration pursuant to its terms.

C.  The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

Case 1:17-cv-00848-LCB-LPA     Document 6-2     Filed 11/16/17     Page 18 of 30

10.     **Consent**

**Submission of an application for employment, employment or continued employment after the Effective Date of this Program constitutes consent by both the Employee and the Company to be bound by this Program during the pre-employment process, during employment, and after the termination of employment. The Employee and the Company further agree to be bound by the mutual promises contained in the Program.**

# MEDIATION AND ARBITRATION RULES

1.     **Application**

A.     These Rules apply in the form existing at the time proceedings are initiated under them.

B.     To the extent consistent with these Rules, the Employment Arbitration Rules of the AAA also apply to all proceedings governed by these Rules. The AAA's Employment Arbitration Rules may be obtained from the Company [Springleaf Finance Management Corporation, Attention: Becky Lingo, Assoc. Dir. – HR Relationship Management, 601 N.W. Second Street, Evansville, IN 47708, phone (812) 468-5149 or 1-800-804-8502 (Extension 5906), Fax- (812) 468-5119] or on the AAA's web site: www.adr.org.

2.     **Initiation of the Process**

A.     A Party may initiate arbitration or mediation under these Rules at any time, subject to any defenses applicable to the timeliness of the claim, including limitations and laches. Although either Party to a Dispute shall have the right to initiate arbitration, the Party seeking monetary or other affirmative relief shall have the obligation to initiate the arbitration of those claims.

B.     A Party may initiate proceedings by arbitration under the Rules by filing a written request for arbitration ("Request for Arbitration") with the AAA and sending a copy to the Parties against whom relief is sought, including tendering the fifty dollar ($50.00) administrative fee with the submission to the AAA, unless (i) an Employee submits a request for waiver of such fee to the AAA, and such request is granted by the arbitrator or the Company; (ii) the administrative fee exceeds the filing fee for suit in the locale where the Employee was last employed in which case the administrative fee shall be equal to that court's filing fee; or (iii) the Employee has previously paid the administrative fee in connection with a request for mediation for the same Dispute. The Company will pay the remainder of the administrative fee. Such request must also include a statement of claims in which the Party identifies the parties, all causes of action asserted by that Party, a brief description of the factual and legal basis for each cause of action, the remedy sought, and the hearing locale requested. To get a Request for Arbitration form, contact the Company at the telephone number listed in paragraph 22(C) of these Rules.

C.     Parties against whom a Request for Arbitration has been filed shall file an answering statement within 21 days after receiving official notice from the AAA (including a copy of the Request for Arbitration) that arbitration has been requested and directing that an answering statement be submitted, regardless of whether that Party has received a notice of the arbitration or a copy of the Request for Arbitration prior to such notice from the AAA. The answering statement shall include any counter-claims.

D.    A Party may initiate mediation under the Rules by filing a written request for mediation ("Request for Mediation") simultaneously with the AAA and the other Party, including tendering the fifty dollar ($50.00) administrative fee with the submission to the AAA, unless an Employee submits a request for waiver of such fee to the AAA, and such request is granted by the mediator or the Company. Such request must include a statement of claims in which the Party identifies the parties, all causes of action that the Party seeks to mediate, as well as a brief description of the factual and legal basis for each cause of action. Mediation, however, is voluntary, and unless the Parties agree to mediate the Dispute or settle the Dispute in mediation, the matter shall proceed to arbitration. To get a Request for Mediation form, contact the Company at the number listed in paragraph 22(C) of these Rules.

E.    Within 10 days of receipt of a Request for Arbitration or Request for Mediation, the AAA shall serve on all other Parties to the Dispute official notice of the proceedings including a copy of the Request for Arbitration or Request for Mediation. After commencement of a mediation or arbitration, all service shall be made simultaneously on all Parties and the AAA.

## 3.    Appointment of Arbitrator and/or Mediator

A.    All Disputes will be heard by a single arbitrator unless the Parties otherwise agree in writing.    Immediately after payment of the arbitration fee, the AAA shall send simultaneously to each party an identical list of names of persons chosen from a panel of qualified arbitrators which the AAA shall select and maintain. Each party to the Dispute shall have fourteen (14) days from the transmittal date to strike any names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the order of mutual preference, the AAA shall invite the proposed arbitrator to serve. Any party shall have the right to strike one list of arbitrators in its entirety. When a party exercises this right, or when the Parties' selections did not result in a mutually agreeable arbitrator, the AAA shall issue a new list of arbitrators consistent with the above procedures. In the event that the Parties' selections do not result in a mutually agreeable arbitrator after receiving two lists from the AAA, then the AAA shall provide a third list of prospective arbitrators and shall limit the number of strikes that each Party has such that the strike and rank process shall yield at least one name that has not been struck by either Party. From among the persons who have been approved on both lists, and in accordance with the order of mutual preference, the AAA shall invite the arbitrator to serve.

B.    With respect to mediation, the Parties may agree to mediate their Dispute by selecting a mutually agreeable mediator and proceeding to mediation without the administrative oversight of the AAA. However, in the event that the Parties decide to mediate through the AAA, the same selection process described in Rule 3(A) regarding arbitration shall be applied to the selection and appointment of a mediator.

## 4.    Qualifications of the Arbitrator or Mediator

No person shall serve as an arbitrator or mediator in any matter in which that person has any financial or personal interest in the result of the proceeding. No person shall serve as an arbitrator unless s/he is a licensed attorney. Prior to accepting appointment, the prospective arbitrator or mediator shall disclose any circumstance likely to prevent a prompt hearing or create a presumption of bias. Upon receipt of such information, the AAA will either disqualify that person or communicate the information to the Parties for comment. Thereafter, the AAA may disqualify that person and its decision shall be conclusive.

Case 1:17-cv-00848-LCB-LPA      Document 6-2      Filed 11/16/17      Page 20 of 30

5.   **Vacancies**

If a vacancy occurs for any reason (including because of disqualification pursuant to Rule 4) or if an appointed arbitrator or AAA mediator is unable to serve promptly, the appointment procedure in Rule 3 herein shall apply to the selection of a substitute arbitrator or mediator unless otherwise agreed upon by the Parties

6.   **Date, Time and Place of Hearings**

A.    The arbitrator or mediator shall set the date, time and place of the arbitration, mediation, hearing or other proceeding.  In making this decision, the arbitrator shall take into consideration the convenience of the Parties, the location of the witnesses, and the costs and time associated with travel of Parties and witnesses.  In no event shall the arbitration hearing be set in a locale where venue would be improper under applicable law.

B.    Notice of the hearing on the merits shall be given in writing and at least sixty (60) days in advance unless otherwise agreed by the Parties.  All other hearings shall be scheduled at a time that is mutually agreeable to the arbitrator and the Parties unless the arbitrator determines that a different time is necessary.

7.   **Arbitration Conferences**

After the appointment of the arbitrator, the arbitrator or the AAA may notice and hold an initial conference at which time the arbitrator shall enter a scheduling order and set the date for the hearing on the merits.  At the request of the AAA or of a Party or on the initiative of the arbitrator, the arbitrator or the AAA may notice conferences for the discussion and determination of any additional matter which will expedite the hearing, including:

A.    venue,

B.    clarification of issues,

C.    determination of preliminary issues, including summary determination of dispositive legal issues,

D.    discovery,

E.    setting or modification of the time and location of hearings or conferences,

F.    interim legal or equitable relief authorized by applicable law,

G.    pre or post hearing memoranda,

H.    stipulations,

I.    any other matter of substance or procedure.

8.   **Mode of Hearings and Conferences**

In the discretion of the arbitrator or by agreement of the Parties, conferences and hearings may be conducted by telephone or by written submission as well in person.

Case 1:17-cv-00848-LCB-LPA      Document 6-2      Filed 11/16/17      Page 21 of 30

9. **Arbitration Discovery**

Unless otherwise agreed to by the parties, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and may take any form permitted by the Federal Rules of Civil Procedure.

10. **Representation**

Any party may be represented by counsel.

11. **Attendance at Hearings**

The arbitrator and the Parties shall maintain the confidentiality of the hearings to the extent permitted by law. Any Party is entitled to attend the hearings. The arbitrator shall have the power to require the exclusion of any witness or other attendees, other than a Party or other essential person, during the testimony of any other witness. The arbitrator shall determine whether any other person may attend the hearing.

12. **Postponement**

The arbitrator, for good cause shown by a Party, or on agreement of the Parties, shall postpone any hearing or conference.

13. **Oaths**

Before proceeding with the first hearing, the arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if required by law or requested by any party, shall do so.

14. **Stenographic Record**

Unless otherwise agreed by the Parties or ordered by the arbitrator, a record of the hearing on the merits of a Dispute shall be prepared at the expense of the Company. The Company shall furnish a copy of the record to the arbitrator and shall allow each of the other Parties to get a copy of the record directly from the stenographic service provider upon payment of their applicable fees. It is up to each Party to the proceeding to request a copy of the record directly from the stenographic service provider and directly pay all applicable fees directly to the stenographic service provider to the same extent that the Party would be required to do so had the matter been brought in the state or federal court in the jurisdiction where the arbitration will be conducted.

15. **Procedure**

The hearings shall be conducted by the arbitrator in whatever order and manner will most expeditiously permit full presentation of the evidence and arguments of the Parties.

16. **Arbitration in the Absence of a Party**

The arbitrator may proceed in the absence of Parties or representatives who, after due notice, fail to be present or fail to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require any party who is present to submit such evidence as the arbitrator may require for the making of an award.

17.   **Evidence**

A.   The arbitrator shall be the sole judge of the relevance, materiality and admissibility of evidence offered. Strict conformity to legal rules shall not be necessary.

B.   The arbitrator may subpoena witnesses or documents at the request of a party or on the arbitrator's own initiative.

C.   The arbitrator may consider the evidence of witnesses by affidavit or declaration, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

18.   **Post Hearing Submissions**

A.   All documentary evidence to be considered by the arbitrator shall be filed at the hearing, unless the arbitrator finds good cause to permit a post hearing evidentiary submission. All Parties shall be afforded an opportunity to examine and comment on any post hearing evidence. The arbitrator shall permit the filing of post hearing briefs at the request of a party and shall determine the procedure and timing of such filings.

B.   Notwithstanding the foregoing, upon agreement of the Parties, the arbitrator shall bifurcate the issues of attorneys' fees and costs from all other issues and decide these issues, if necessary, in a supplemental award.

19.   **Closing and Reopening of Hearing**

A.   When the arbitrator is satisfied that the record is complete, including the submission of any post hearing briefs or documents permitted by the arbitrator, the arbitrator shall declare the hearing closed.

B.   The hearing may be reopened on the arbitrator's initiative or, at the discretion of the arbitrator, upon application of a Party, at any time before the award is made.

20.   **Waiver of Procedures**

Any party who fails to object in writing within 30 days after knowledge that any provision or requirement of these procedures has not been complied with, shall be deemed to have waived the right to object.

21.   **Service of Notices and Papers**

Initiation of mediation and arbitration will be in accordance with the provisions of paragraph 2 of these Rules.   Any papers, notices, process necessary or proper for the continuation of any proceeding under these Rules (including the award of the arbitrator; for any court action in connection therewith; or for the entry of judgment on an award made under these procedures) may be served on a Party by mail addressed to the Party or his representative at the last known address or by personal service. The AAA, the Parties, and the arbitrator may also use facsimile transmission, e-mail, or other written forms of electronic communication to give any notices or responses required by these procedures.

22. **Communications with the AAA and the Company**

    A.    Any Party may notice, serve or communicate with the AAA as follows:

    Regional Administrator
American Arbitration Association
13455 Noel Road
Dallas, Texas 75240-6636
Phone: 972-702-8222
Fax: 972-490-9008
website: www.adr.org

    B.    Any Party may communicate with the Company by contacting:

    Springleaf Finance Management Corporation
Attention: Becky Lingo, Assoc. Dir. – HR Relationship Management
601 N.W. Second Street
Evansville, IN 47708
(812) 468-5906
1-800-804-8502 (Extension 5906)
Fax- (812) 468-5149

    C.    Demand for Mediation forms and Demand for Arbitration forms may be requested by calling 1-800-682-2433.

23. **Communication with the Arbitrator**

There shall be no communication between the Parties and the arbitrator other than at any oral hearings or conferences. Any other oral or written communications from the Parties to the arbitrator shall be directed to the AAA (and copied to the Parties) for transmission to the arbitrator, unless the Parties and the arbitrator agree otherwise.

24. **Time of Award**

The award shall be promptly made by the arbitrator and, unless otherwise agreed by the Parties or specified by applicable law, no later than thirty (30) days from the date of the of closing of the hearing or the closing of a reopened hearing, whichever is later.

25. **Form of Award**

The award shall be in writing and shall be signed by the arbitrator. In all cases, the arbitrator shall prepare findings of fact and a statement of the reasons for the decision. The award shall be executed in any manner required by applicable law. Neither the award nor the opinion of the arbitrator shall be considered as binding on the Company in any Dispute with any other Employee who is not a party to the proceeding. Nothing in this paragraph shall prohibit the introduction into evidence of a prior arbitration award involving the same Parties.

26. **Modification of Award**

On order of a court of competent jurisdiction, or on agreement of the Parties, the arbitrator shall modify any award. The arbitrator may modify an award on the motion of a Party if the arbitrator finds that the award as rendered is ambiguous or defective in form, or if the award requires an illegal or impossible act. These are the only circumstances under which an arbitrator shall have jurisdiction to withdraw or modify an award.

## 27. Settlement

If the Parties settle their dispute during the course of the arbitration, the arbitrator may set out the terms of the settlement in a consent award.

## 28. Scope of Arbitrator's Authority

A. The arbitrator's authority shall be limited to the resolution of legal disputes between the Parties. As such, the arbitrator shall be bound by and shall apply applicable law including that related to the allocation of the burden of proof as well as substantive law. The arbitrator shall not have the authority either to abridge or enlarge substantive rights available under existing law. In addition to the Parties' right to seek relief in court, as set forth in paragraph 3(E), above, the arbitrator may also grant emergency or temporary relief to the extent authorized by applicable law.

B. **The arbitrator's power to hear claims brought in arbitration as a class, collective, or mass action, or on any other representative capacity basis, is limited by paragraphs 3(C)(vi) and 4(C), above.**

C. The arbitrator shall have the authority to decide dispositive motions. The arbitrator shall establish a briefing scheduling for any such motions and shall permit all Parties adequate time to respond and reply to the motion.

## 29. Judicial Proceedings and Exclusion of Liability

A. Neither the AAA nor any arbitrator is a necessary party in any judicial proceeding relating to proceedings under these Rules.

B. Neither the AAA nor any arbitrator shall be liable to any Party for any act or omission in connection with any proceeding within the scope of these Rules.

C. Any court of competent jurisdiction may compel a Party to proceed under these Rules and may enforce any award made as authorized by law.

D. Judgment upon the award of the arbitrator may be entered and enforced in any federal or state court of competent jurisdiction.

E. Initiation of, participation in, or removal of a legal proceeding shall not constitute waiver of the right to proceed under these Rules.

F. Either Party may seek injunctive relief from the arbitrator. In addition, either party may seek temporary, preliminary, or emergency injunctive relief from a court of competent jurisdiction as is necessary to protect the rights or property of that Party. Any injunctive relief issued by a court under this provision may remain in force pending a determination by the arbitrator as to the merits of the Dispute although the arbitrator shall, at all times, have the authority to modify any such injunction.

## 30. Fees and Expenses

A. Costs of conducting discovery, including without limitation, court reporting fees, shall be borne by the party initiating such discovery unless otherwise provided by law or in the award of the arbitrator. Similarly, the expenses of witnesses shall be borne by the party producing such witnesses, except as otherwise provided by law or in the award of the arbitrator.

Case 1:17-cv-00848-LCB-LPA    Document 6-2    Filed 11/16/17    Page 25 of 30

B.   All attorney's fees shall be borne by the party incurring them except as otherwise provided by law or in the award of the arbitrator.

C.   Except as provided in these Rules, Employee Parties shall not be responsible for payment of fees and expenses of proceedings under these Rules, including required travel of an arbitrator, expenses of an arbitrator or of the AAA representatives.

D.   If an arbitration or mediation is initiated by the Company, all arbitration or mediation fees will be paid by the Company.

E.   Except as otherwise provided by law or in the award of the arbitrator, all other expenses, fees and costs of the proceedings under these Rules shall be borne equally by the Parties who are not Employees.

F.   A prevailing Party, as that term is defined by applicable law, may seek recovery of reasonable attorneys' fees and costs and the arbitrator is authorized to award such fees and costs consistent with applicable law.  However, any award of such fees shall be reduced by any amounts which have been or will be paid by the Springleaf Finance Legal Consultation Plan to a prevailing Employee.   In the event that the Company is a prevailing party, any recovery of costs may not include the fees (including arbitrator's and mediator's fees) and expenses paid by the Company to the AAA for the administration of the arbitration or mediation.

## 31.   Interpretation and Application of These Rules

The arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties. All other rules shall be interpreted and applied by the AAA.

## 32.   Applicable Law

A.   Proceedings under these Rules and any judicial review of awards under these Rules shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

B.   Except where otherwise expressly provided in these Rules, the substantive law applied to the claims brought in arbitration shall be state or federal substantive law which would be applied by a United States District Court sitting at the place of the hearing.

## 33.   Mediation

At any time before an arbitration hearing is closed, the Parties may agree to mediate their dispute by notifying the AAA and processing the request in accordance with these Rules.

Case 1:17-cv-00848-LCB-LPA    Document 6-2    Filed 11/16/17    Page 26 of 30

# EXHIBIT 4



**Compliance Solutions**

# This is to certify that:

Mistie Greene
_____
TRAINEE

has successfully completed a web-based training course titled:

OneMain Human Resources Policy Certification
_____
COURSE TITLE

This is to certify that according to Skillsoft Compliance Solutions' records, the learner has completed the course. By signing this certificate, the learner and/or authorized individual attests that the individual identified as the learner is actually the individual who completed the final exam or knowledge feedbacks without assistance. Additional demonstration of skills and/or on-the-job training may be required by some regulations and are beyond the scope of this course.

_____     8265917
TRAINEE                                                          _____
                                                                         CERTIFICATE NUMBER

_____
AND/OR AUTHORIZED INDIVIDUAL

ISSUED THIS ____17____ DAY OF ____December, 2015____

Click the icon below to print your certificate.



# EXHIBIT 5



Advanced Compliance

| Admin Home | Users | Demographic Groups | Content | Reports | Setup |

Reports                                                                          Help

### User Report, Training Status
To print this report, click "HERE"

**Query Criteria:**

| User | Greene, Misbe |
|------|---------------|
| Course Title | ALL |
| Course Status | Active courses |
| Delivery Method | ALL |
| Date from | --- |
| Date to | --- |
| Reached Max Test Attempts | |

**Report Output:**

Note: C=Complete I=Incomplete NS=Not Started
EX=Exemption EQ=Equivalency OD=Overdue
REQ=Required OPT=Optional

User: Greene, Misbe

| Course Title | Training | Status | Completion Date | Date Due | Print Cert |
|--------------|----------|--------|-----------------|----------|------------|
| OneMain Human Resources Policy Certification (WBT) | REQ | C | 2015-DEC-17 | 2015-DEC-30 | |